UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| THOMAS SCHAEFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| ARM RECEIVEABLE MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, THOMAS SCHAEFER, by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE, and for his Complaint against the Defendant, ARM RECEIVABLE MANAGEMENT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial

part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Lowell, Massachusetts. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. On information and belief, Defendant is a limited liability corporation of the State of New Jersey, which is licensed to do business in Massachusetts and which has its principal place of business in Thorofare, New Jersey.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## I. FACTUAL ALLEGATIONS

8. On or about September 9, 2009, Defendant mailed a letter to Plaintiff that sought payment for a debt allegedly owed to Providian Financial many years earlier. (See Exhibit A).

9. According to Defendant's letter, the alleged debt totaled $3,904.97. (See Exhibit A).

10. The statute of limitations for open credit accounts in the state of Massachusetts is for 6 years. *See* Mass. Gen. Laws. Ann. ch. 260 §§*5-260-2.*

11. Massachusetts General Laws provide:

> No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made, or is contained in, a writing signed by the party chargeable thereby.
>
> The preceding section shall not alter or impair the effect of a payment of principal or interest made by any person; but no endorsement or memorandum of an such payment, written or made upon a promissory note, bill of exchange or other writing by or on behalf of the party to whom such payment has been or purports to have been made, shall be sufficient proof of the payment to take the case out of the provisions of this chapter.

Mass. Gen. Laws. Ann. ch. 260 §§13,14.

12. Defendant, through its correspondence, seeks to obtain from Plaintiff a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver.

13. Defendant, in particular, solicits from Plaintiff a written signature evidencing a new contract whereby a simple acknowledgement, promise, or certain payment is insufficient to create the contract sought by Defendant.

14. The contract solicited by Defendant, valid only as a result of a signed writing from Plaintiff obtained by Defendant, extinguishes any then-existing defenses which Plaintiff may possess in regard to the subject debt. Defenses that Plaintiff may assert in connection with Defendant's attempt to collect the subject debt include, but are not limited to, those arising from applicable statutes limitations.

15. Defendant does not disclose through its correspondence to Plaintiff that the alleged

subject debt is not judicially unenforceable once the applicable statute of limitations expires.

16. Defendant does not disclose through its correspondence to Plaintiff that the expiration of the applicable statute of limitations limits judicial remedies available to enforce the alleged subject debt.

17. The least sophisticated consumer does not possess the knowledge or understanding that cooperation in accord with Defendant's request to "detach an return" which also calls for a signature and credit card account information waives any right to assert a defense to the subject debt based upon applicable statutes of limitations, or that a written signature, as requested by Defendant, extends Defendant's ability to judicially enforce the subject debt and provides Defendant additional judicial remedies which would be otherwise non-existent.

18. Defendant's attempt to obtain from Plaintiff a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver, constitutes unfair or unconscionable means to collect or attempt to collect the alleged subject debt in violation of 15 U.S.C 1692f.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents and employees, used false representation or deceptive means to collect the debt.

   b. Defendant violated the FDCPA § 1692f when Defendant, through its agents and employees, used unfair and deceptive practices to collect a debt.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress,

anxiety, and humiliation.

## JURY DEMAND

WHEREFORE, Plaintiff, THOMAS SCHAEFER, by and through his attorney, respectfully seek judgment to be entered against the Defendant for the following:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA.

b. Actual damages.

c. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

d. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

e. Any other relief that this court deems to be just and proper.

Respectfully submitted,

By:   s/ Angela K. Troccoli, Esquire
      Attorney for Plaintiff

Dated: October 1, 2009

Angela K. Troccoli, Esquire BBO#651593
KIMMEL & SILVERMAN, P.C.
60 Hartford Pike, PO Box 325
Dayville, CT 06241
Telephone: (860) 866-4380
Facsimile: (860) 263-0919
E-Mail: atroccoli@lemonlaw.com

# **EXHIBIT A**

# **EXHIBIT B**

09/17/2000   14:19   9789705595   ARBOUR LOWELL   PAGE  02/02

P.O. BOX 129
THOROFARE, NJ 08086-0129

6 9 00002058 641199



P.O. BOX 129
THOROFARE, NJ 08086-0129

September 9, 2009

| ARM Account #: | 16575255 |
| --- | --- |
| Creditor: | ASSET ACCEPTANCE LLC |
| Original Creditor: | PROVIDIAN FINANCIAL |
| Creditor Account #: | 4330022 |
| Total Due: | $3,904.97 |

16575255-BLU
THOMAS J SCHAEFER SR
104 11TH ST
LOWELL, MA 01850-2161

Dear THOMAS J SCHAEFER SR:

Your creditor has authorized us to extend a special offer to settle this account with you at a reduced amount of $1,561.99. In order to take advantage of this money saving offer, please contact our office at the below listed number.

TOLL FREE 866-998-8525


We understand your time is valuable and offer additional payment options for your convenience. You may now also pay online at www.arm1payments.com or call 1-866-932-6758 to pay by phone using our automated phone system.

We accept payment by Credit Card (Visa, MasterCard, American Express and Discover) or by a direct debit from your bank via an ACH transaction from your checking or savings account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Massachusetts Residents:**
**NOTICE OF IMPORTANT RIGHTS**
You have the right to make written or oral request that telephone calls regarding your debt not be made to you at your home or place of employment. Any such oral request will be valid for only place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency.

| HOURS OF OPERATION | | MASSACHUSETTS HOURS AND ADDRESS |
| --- | --- | --- |
| Monday – Thursday | 8:30 AM – 11:00 PM ET | Monday – Friday 10:00AM – 3:00PM ET |
| Friday | 8:30 AM – 8:00 PM ET | 5230 Washington Street |
| Saturday | 8:00 AM – 12:00 Noon ET | West Roxbury, MA 02132 |

This communication is from a debt collector.
This is an attempt to collect a debt and any information obtained will be used for that purpose.

- - - - - - - - - - - - - - - - - - - - - ▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲ - - - - - - - - - - - - - - - - - - - - -

THOMAS J SCHAEFER SR
104 11TH ST
LOWELL, MA 01850-2161

| ARM Account #: | 16575255 |
| --- | --- |
| Creditor: | ASSET ACCEPTANCE LLC |
| Original Creditor: | PROVIDIAN FINANCIAL |
| Creditor Account #: | 4330022 |
| Total Due: | $3,904.97 |
| Enclosed Amount: | |

Pay Online at www.arm1payments.com

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

| | CARD HOLDER NAME | |
| --- | --- | --- |
| ☐ VISA | CARD NUMBER | EXP DATE |
| ☐ | SIGNATURE | |
| ☐ | AMOUNT | CVV/CID (3 Digit Verification Code on Back of Card) |

ARMAM
ARM WD