UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas Schaefer,<br><br>       Plaintiff,<br><br>v.<br><br>ARM Receivable Management, Inc., Asset Acceptance, LLC, and Northland Group, Inc.,<br><br>       Defendants. | Civil Action No. 09-11666-DJC |

## MEMORANDUM AND ORDER

Casper, J.                                                                                                                                                                   July 19, 2011

### I.    Introduction

Plaintiff Thomas Schaefer ("Schaefer") brought this action alleging numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") against Defendants Accounts Receivable Management, Inc. ("ARM"), Asset Acceptance, LLC, ("Asset") and Northland Group, Inc. ("Northland") (collectively, "Defendants"). Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), or alternatively, for summary judgment pursuant to Rule 56. For the reasons stated below, Defendants' motion for judgment on the pleadings is GRANTED.

### II.    Burden of Proof and Standard of Review

Pursuant to Rule 12(c), a party may move for judgment on the pleadings. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st

1

Cir. 2007)). When considering a motion under Rule 12(c), a court must view the facts in the pleadings and the reasonable inferences therefrom in the light most favorable to the nonmovant. Perez-Acevedo, 520 F.3d at 29 (citation omitted). In reviewing the motion, the Court may also "consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." Curran, 509 F.3d at 44 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). In order to survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . .'" Perez–Acevedo, 520 F.3d at 29 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## III. Factual Background

Schaefer incurred a debt owed to Providian Financial. (Am. Compl. ¶11, 13; Exs. A, B).[1] The debt Schaefer owed to Providian Financial was assigned to Asset. (Am. Compl. ¶ 12, Exs. A, B). ARM and Northland are debt collectors that attempted to collect that debt. (Am. Compl. ¶¶ 11, 13, 14, 15). On June 20, 2009, Northland mailed Schaefer a letter, stating that a debt of $3,864.09 had been assigned to it for collection. (Am. Compl. ¶¶ 11, 15; Ex. A, 6/20/09 Letter). The June 20, 2009 letter indicated that Asset was the original creditor of the debt. (Am. Compl., Ex. A). It further advised that if Schaefer disputed the validity of the debt, or any portion thereof, by notifying

---

[1] For the purposes of this Memorandum and Order, all references to the parties' filings are abbreviated as follows: Schaefer's amended complaint ("Am. Compl."); Defendants' second memorandum of law in support of their motion for judgment on the pleadings or alternatively, for summary judgment ("Def. Memo."); Schaefer's opposition ("Pl. Opp."); and Transcript of motion hearing on June 17, 2011 ("Tr. 6/17/11").

Northland "in writing within 30 days after receiving" the notice, it would "obtain verification of the debt . . . and mail [Schaefer] a copy of such . . . verification." (Am. Compl., Ex. A). The letter stated that if Schaefer requested it within thirty days of receiving the letter, Northland would "provide him with the name and address of the original creditor, if different from the current creditor." (Am. Compl., Ex. A). The June 20, 2009 letter also offered to settle the debt for $1,661.56, approximately a 43% discount of the total amount due. (Am. Compl., Ex. A).

A few months later, on September 9, 2009, ARM mailed a letter to Schaefer, stating he owed a debt of $3,904.97. (Am. Compl. ¶¶ 13, 15; Ex. B, 9/9/09 Letter). The debt had increased by $40.88 from the June 20, 2009 letter from Northland. The September 9, 2009 letter indicated that Asset was the creditor and that Providian Financial was the original creditor. (Am. Compl., Ex. B). The letter also offered to settle Schaefer's debt for $1,561.99. (Am. Compl., Ex. B). It further advised that if Schaefer disputed the validity of the debt, or any portion thereof, by notifying "in writing within 30 days after receiving" the notice, it would "obtain verification of the debt . . . and mail [Schaefer] a copy of such . . . verification." (Am. Compl., Ex. B). The letter stated that if Schaefer requested it within thirty days of receiving the letter, ARM would "provide him with the name and address of the original creditor, if different from the current creditor." (Am. Compl., Ex. B).

## IV. Procedural History

Schaefer filed a complaint on October 5, 2009 and subsequently filed a one-count amended complaint on November 5, 2009, alleging Defendants' collection letters violated 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f and 1692f(1) of the FDCPA. (Dkt. 1, 8). Discovery having been completed in this case (Tr. 6/17/11 at 12), Defendants have now moved for judgment on the

3

pleadings under Rule 12(c), or alternatively, for summary judgment under Rule 56.² This matter was transferred to this session on February 3, 2011. This Court heard oral argument on the motion on June 17, 2011. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**V.    Discussion**

    **A.    The FDCPA**

The FDCPA was "enacted to protect debtors from abusive debt collection practices." Chiang v. Verizon New England Inc., 595 F.3d 26, 41 (1st Cir. 2010); see also 15 U.S.C. § 1692-1692f. To further this purpose, the FDCPA grants a private right of action to consumers who receive communications that violates the Act. 15 U.S.C. § 1692k. It prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e-1692f.

The question of whether a collection letter violates the provisions of the FDCPA is a question of law to be determined by the Court. See Chiang, 595 F.3d at 34. When evaluating whether a collection letter or notice violates the FDCPA, "courts usually look to whether the objective 'least sophisticated consumer' would find the notice improperly threatening or misleading." Martin v. Sands, 62 F. Supp. 2d 196, 199 (D. Mass. 1999) (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)); see Waters v. Kream, __ F. Supp. 2d ___, 2011 WL 899361, at *2 (D. Mass. Mar.

---

²The Court treats this motion as a Rule 12(c) motion for judgment on the pleadings, rather than a Rule 56 motion for summary judgment since the parties neither present nor rely on any additional materials beyond the amended complaint and its exhibits. See Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004). The Court also notes that Defendants did not file a statement of material facts as required under Local Rule 56.1 when filing a motion for summary judgment.

16, 2011) (quoting Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)). This standard, while protecting naive consumers, "also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Wilson v. Quadramed Corp., 225 F.3d 350, 354–55 (3d Cir. 2000) (quoting United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon, 988 F.2d at 1318.

Schaefer's amended complaint asserts that the Defendants' collection letters violated the FDCPA on the grounds that: i) they each falsely represented the character, amount or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2); ii) they used false representation or deceptive means to collect the debt in violation of 15 U.S.C. § 1692e(10); iii) they used unfair and deceptive means to collect a debt in violation of 15 U.S.C. § 1692f; and iv) they added fees, charges and expenses not expressly authorized by an agreement in violation of 15 U.S.C. § 1692f(1). (Am. Compl. ¶26a-d). Even reading the amended complaint in the light most favorable to Schaefer, Defendants are entitled to judgment on the pleadings.

**B.** **Northland and ARM's Attempt to Collect Schaefer's Time-Barred Debt Was Permissible Under the FDCPA**

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including falsely representing "the character, amount, or legal status of any debt," id. § 1692e(2)(A). The FDCPA also prohibits debt collectors from using unfair or unconscionable means of collecting a debt. Id. § 1692f. Schaefer makes two arguments regarding Northland and ARM's attempt to collect on the time-barred debt. First, he argues that because his alleged debt was over six years old,

it was barred from judicial enforcement by the statute of limitations and thus, ARM and Northland's attempt to collect it without disclosing the debt was time-barred, misrepresented the legal status of the debt in violation of § 1692e(2). Schaefer also contends that by seeking payment on the debt and offering to settle the debt, Northland and ARM sought to revive the time-barred debt which constituted an "unfair and unconscionable collection tactic" under § 1692f and a "misrepresent[ation] of the legal status of the debt" under § 1692e(2). (Pl. Opp. at 5-9, 13-15).

Schaefer cannot recover under either § 1692f or § 1692e(2) on the basis of the respective attempts of Northland and ARM to collect on his time-barred debt. As an initial matter, although the First Circuit has yet to address the issue, a number of courts that have addressed it have held that a debt is not extinguished because the statute of limitations expires; rather, the statute of limitations merely precludes judicial enforcement to collect on the debt. See, e.g., Huertas v. Galaxy Asset Management, 641 F.3d 28, 32-33 (3d Cir. 2011); Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001) (holding that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"); Dawe v. Capital One Bank, 456 F. Supp. 2d 236, 242 (D. Mass. 2006) (citing Freyermuth and concluding that although the state court's dismissal deprived defendant of a judicial mechanism to recover the loan, such dismissal does not erase the plaintiff's underlying indebtedness to the defendant); Shorty v. Capital One Bank, 90 F. Supp. 2d 1330, 1331-33 (D.N.M. 2000) (finding that sending a debt validation notice regarding a time-barred debt, without notifying that the debt was in fact time-barred, did not violate the FDCPA). "The FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."

6

Huertas, 641 F.3d at 32-33 (citing cases).

Here, Schaefer does not allege in his pleading that Northland or ARM attempted or threatened to commence legal action to recover the debt. Even the least sophisticated consumer would not understand Northland or ARM's respective letters to explicitly or implicitly threaten litigation. ARM's September 9, 2009 letter states in bold letters, "**This is an attempt to collect a debt**. . . ." (Am. Compl., Ex. B) (emphasis in original). Northland's June 20, 2009 letter states at the outset that Asset, as creditor, assigned Schaefer's account to Northland "for collection." (Am. Compl., Ex. A). The letters both advised that if Schaefer did not dispute the debt within thirty days of receiving the letter, they would assume the debt was valid. (Am. Compl., Exs. A, B). The amended complaint does not allege that Schaefer ever disputed the debt in this time frame.[3] Each letter further proposed a settlement offer at an amount far below Schaefer's debt. (Am. Compl., Exs. A, B).

Indeed, the Court finds the reasoning of Freyermuth and its progeny persuasive. The letters sent to Schaefer sought no more than voluntary partial repayment of a pre-existing debt. Provided

---

[3] In his amended complaint, Schaefer claims to dispute the debt (Am. Compl. ¶¶11,12) yet alleges no facts to support that claim either in his amended complaint or his opposition to the motion to dismiss. Even assuming that this allegation was sufficiently pled and accepting this allegation as true for the purposes of this motion, it is not alleged that Schaefer contacted Northland or ARM to dispute the debt within the thirty-day period as set forth in the collection letters or any time until the instant action. Accordingly, Schaefer cannot now claim a violation of the FDCPA by Northland and ARM's attempt "to collect a previously undisputed account." Richmond v. Higgins, 435 F.3d 825, 829 (8th Cir. 2006) (finding no FDCPA violation where defendant's attempts were to collect a previously undisputed debt amount); see 15 U.S.C. § 1692g(a)-(c). That is, the defendants were "permitted under the FDCPA to assume that the debt was valid" at the time that they engaged in their collection attempts. Higgins, 435 F.3d at 829.

that a debt collector does no more than this in regard to a time-barred debt (and does not threaten litigation if the debtor does not comply with the request), the debtor is not being mislead about the status of the debt. Moreover, 15 U.S.C. § 1692e(11) requires that Northland and ARM state in their respective collection letters that they were attempting to collect a debt. 15 U.S.C. § 1692e(11). "Since it is appropriate for a debt collector to seek voluntary repayment of a time-barred debt, see Freyermuth, 248 F.3d at 771, it would be unfair if debt collectors were found to violate the FDCPA both if they include the mandated language [under §1692e(11)] (because inclusion would threaten suit) and if they do not (because failure to include a mandatory notice violates the statute)." Huertas, 641 F.3d at 33.

In addition, Schaefer cites no authority that stands for his proposition that a debt collector is required under the FDCPA to disclose that submitting a payment would revive or toll the statute of limitations. Thus, Schaefer has not stated a plausible claim for a violation of either § 1692e(2) or § 1692f based upon Northland or ARM's respective letters to collect on his debt. See Walker v. Cash Flow Consultants, Inc., 200 F.R.D. 613, 615-16 (N.D. Ill. 2001) (following Freyermuth and dismissing complaint that did not allege that debt collector implicitly or explicitly threatened litigation and that was based solely on the fact that debt collector sent collection letter after limitations period expired). Accordingly, the Court finds that Defendants have shown that they are entitled to judgment in their favor insofar as the complaint alleges violations of the FDCPA based on ARM and Northland's attempts to collect on an allegedly time-barred debt.

    **C.**    **Failing to Disclose Potential Tax Consequences to Schaefer Did Not Constitute a Violation of 15 U.S.C. § 1692e(10) and § 1692f**

Schaefer also argues that Northland and ARM violated §§ 1692e(1) and 1692(f) of the

8

FDCPA by failing to advise him of the tax consequences of accepting a discount of his debt if he agreed to settle it. (Pl. Opp. 9-12).[4] Schaefer claims that such failure was "deceptive" under § 1692e(10) and amounted to an "unfair or unconscionable collection tactic" under § 1692f. (Pl. Opp. at 10, 12, 13-15).

Northland and ARM had no affirmative duty to advise Schaefer of potential tax consequences if he accepted their settlement offers. The language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt. See Landes v. Cavalry Portfolio Servs., LLC, __ F. Supp. 2d ___, 2011 WL 1206157, at *2-3 (finding no FDCPA violation where collection letter mentioned "tax season savings" but did not indicate specific tax consequences of accepting a debt discount). Schaefer cites no authority that imposes such a requirement and requiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices. Accordingly, Schaefer has not stated a plausible claim under either § 1692f or §1692e(10) due to Northland and ARM's failure to disclose potential tax consequences in their collection letters. Defendants are therefore entitled to judgment in their favor with respect to these claims.[5]

---

[4]Schaefer refers to the requirement under 26 U.S.C. § 6050P of the Internal Revenue Code that any amount forgiven in excess of $600 must be reported as income on his federal tax return. (Pl. Opp. 9-12).

[5]In his opposition to Defendants' motion, Schaefer argues that Northland's June 20, 2009 letter violated § 1692e(10) on three additional grounds: i) by stating that the creditor of Schaefer's account was Asset, when Asset was in fact the debt buyer and Providian Financial was the original creditor; ii) by listing "Providian Financial" next to "Store Name" when Providian Financial "was not a store, but rather a bank and the original creditor"; and iii) by claiming that it had been assigned Schaefer's collection account "which was misleading and deceptive to Plaintiff as the term 'assigned' has the commonly understood meaning []as having

**D. Failing to Inform Schaefer that the Debt Would Increase Over Time Did Not Amount to a Violation of 15 U.S.C. § 1692e(2)**

Schaefer also claims that both collection letters "falsely represented the character and amount of the debt," violating both 15 U.S.C. §1692e(2), because they failed to state that the balance "would increase on a monthly basis as a result of interest accrued and late charges." (Pl. Opp. at 5-9). The Court disagrees.

The FDCPA requires that a collection letter state "the amount of the debt" that the debt collector is trying to collect. 15 U.S.C. § 1692g(a)(1). The language of the FDCPA does not require that a debt collection letter advise that the consumer's debt may increase. When stating the amount of the debt, debt collectors cannot "add[ ] language that may overshadow or contradict other language informing the consumer of her rights." Pifko v. CCB Credit Servs., Inc., No. 09-3057, 2010 WL 2771832, at *3 (E.D.N.Y. July 7, 2010) (citing Russell v. Equifax, 74 F.3d 30, 33 (2d Cir. 1996)). A number of courts have held that adding language about further increases and charges in debt collection letters misleads consumers about the amount they owe. See, e.g., Chuway v. Nat'l Action Fin. Servs., 362 F.3d 944, 947 (7th Cir. 2004) (holding that collection letter was unclear as to the amount of debt due, as it stated the current balance but also listed a telephone number for consumer to call to obtain her most current balance information); Kolganov v. Phillips & Cohen Assocs., Ltd., No. 02-3710, 2004 WL 958028, at *3 (E.D.N.Y. Apr. 8, 2004) (holding that defendant violated § 1692(g) where collection letter did not clearly specify the amount owed and included

---

been purchased, when in fact [Northland] did not own the debt, but instead had been hired to the collect the debt." (Pl. Opp. at 11). Even if the amended complaint could be construed to allege a factual basis for these claims, Schaefer provides not a single case, nor could the Court find any authority, to support his assertion that as a matter of law, any one of the above allegations constitute a violation of § 1692e(10) as a false or deceptive attempt to collect a debt. Thus, Schaefer has not stated a plausible claim under § 1692e(10) on these grounds.

additional language to call a reference number to obtain the latest information about on-going charges that were increasing the debt). Here, the amount Northland and ARM sought on the date the letters were sent was clearly conveyed. Northland's June 20, 2009 letter indicated the "Current Balance Due" was $3864.09 and ARM's September 9, 2009 letter stated that the "Total Due" was $3,904.97. The letters include no further language stating that additional charges may apply that could confuse or mislead the least sophisticated consumer. Under these circumstances, there is nothing confusing or misleading about the increased amount of debt in the September 9, 2009 letter "as even the most unsophisticated consumer would understand that credit card debt accrues interest." Weiss v. Zwicker & Assocs., P.C., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).

To the extent Schaefer relies on Dragon v. I.C. Sys., Inc., 483 F. Supp. 2d 198 (D. Conn. 2007) for the proposition that Northland and ARM falsely represented the character and amount of the debt in violation of § 1692e(2) of the FDCPA, it is inapposite. In Dragon, the court determined that the defendant debt collector violated § 1692g(a)(1) by failing to provide certain information with respect to interest that had accrued on the plaintiff's outstanding debt. 483 F. Supp. 2d at 203. There, the defendant had sent the plaintiff a letter listing the "Principal Owed: $136.64" and "BALANCE DUE: $136.64." Id. at 202. The letter did not indicate the date on which payment of the stated balance would suffice to pay the debt in full or state that the amount necessary to fully pay the debt could vary as a result of continually accruing interest, and other fees and charges. Id. at 203. The Court found that this was potentially misleading and thus violated § 1692g(a)(1) because the least sophisticated debtor "could readily conclude that the total amount stated as due ($136.64) was due *at any time*, when in fact, it was not and was subject to adjustment by [the creditor] on a periodic basis." Id. (emphasis in original). Here, however, the letters do not represent that the

principal owed and that the balance due are one in the same. This distinction is critical because the least sophisticated consumer in a case like Dragon, may believe that no interest was accruing on the balance due since the same amount was listed for both the principal owed and balance due. Such is not the case here where there is no similar or additional statement that could be interpreted as misleading or deceptive. Accordingly, Northland and ARM's collection letters do not violate 15 U.S.C. § 1692e(2) and, as a result, are entitled to judgment on the pleadings on this claim.[6]

### E. Northland and ARM Did Not Violate 15 U.S.C. § 1692f(1)

Schaefer argues that the amount sought by both Northland and ARM was not authorized by "the agreement creating the debt or permitted by law." (Pl. Opp. at 15, 16). Schaefer fails to allege in the amended complaint a single fact to support this allegation. A wholly conclusory allegation such as this does not comprise a plausible claim under § 1692f(1). See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, Northland and ARM are entitled to judgment on the pleadings on this basis as well.

## VI. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED.

**So ordered.**

---

[6] Since the Court finds that Schaefer's claims against Northland and ARM fail to state a plausible claim under the FDCPA, his claims against Asset, the party Schaefer contends is vicariously liable for their alleged acts, also fail.

/s/ Denise J. Casper
United States District Judge